UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
C.A. 1:19-cv-12290

RICHARD HOPKINSON,           )
Plaintiff                    )
                             )
        v.                   )
                             )
EQUIFAX INFORMATION          )
SERVICES, LLC,               )
PENNSYLVANIA HIGHER          )
EDUCATION ASSISTANCE.        )
AGENCY, d/b/a FEDLOAN        )
SERVICING; GREAT LAKES.      )
EDUCATION LOAN SERVICES,)
INC., JOHN DOES I – X        )

**MOTION OF DEFENDANT GREAT LAKES TO DISMISS PER FED. R. CIV. P. 12 and 19, WITH INCORPORATED MEMORANDUM OF LAW (CORRECTED)**

(This version corrects a number of errors in its predecessor, particularly on pages 1 – 4). Defendant Great Lakes Educational Loan Services, Inc. (Great Lakes) moves to dismiss the Complaint against it per Fed. R. Civ. P. 12 (b) (1), (6), 12 (b) (7) and 19. The claims against Great Lakes in the Complaint, Counts III (Fair Credit Reporting Act, or FCRA) and IV (Massachusetts General Laws c. 93A, or G. L. c. 93A), fail to comply with the standard for complaint pleading in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, the claims are premised on the Plaintiff's still-unresolved identity theft allegations against his ex-wife, a required party per Fed. R. Civ. P. 19, but who is not included as a Defendant in the Complaint. Further, the G. L. c. 93A state law claim is preempted by the Fair Credit Reporting Act. For these reasons and as further explained, the Complaint should be dismissed.

*Facts*

The following relevant allegations are brought against Great Lakes. The Plaintiff has a daughter (Jacquelyn) with his ex-wife (Carla). Complaint ¶¶ 7 – 10. Student loans were obtained for Jacquelyn's college education. ¶¶11 – 17. The loans were Direct PLUS student loans. ¶12. In this Rule 12 proceeding, this Court may take judicial notice that these loans originated from the federal government and were to be repaid to the federal government. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); Department of Education Direct PLUS website: https://studentaid.gov/understand-aid/types/loans/plus. Great Lakes is a servicer for some of the loans, which, as of March 2019, amounted to a balance of $41,807 plus additional outstanding interest for loans Great Lakes was handling. ¶¶19 – 20. The Plaintiff claims these loans were fraudulently taken out by Carla using his name without his approval. ¶¶12 – 17. The Plaintiff further avers he has had an "acrimonious" relationship with Carla. ¶9.

Other than payments for the loan proceeds from his joint account, the Plaintiff denies making a payment or other financial contribution to Jacquelyn's loans. ¶¶23 – 24, 26. Instead Jacquelyn was paying off the loans, not the Plaintiff. ¶22. Although Jacquelyn made payments from his joint account, the Plaintiff avers that Jacquelyn "exclusively" funded the account. ¶26. The Plaintiff also denies knowing anything about the loans for years. ¶25.

When Jacquelyn could not make loan payments in 2018 and started to miss payments, the Plaintiff took the view that this was, essentially, not his problem, as he was not in a financial position to pay for his daughter's loans and he had not authorized or had knowledge of the loans. ¶¶27 – 28. Subsequently, the Plaintiff filed a police report about

Carla's alleged fraud. ¶29. He forwarded a copy of this report to Great Lakes, requesting that he be removed from the loan account. ¶30.

In response, Great Lakes performed an investigation and sent the Plaintiff detailed factual findings from that investigation, including but not limited to payments received by the Plaintiff and from the Plaintiff (inferably from his joint account). ¶31. The Plaintiff alleges generally that all these factual findings are "false." ¶32. Thereafter he began receiving notices from Great Lakes about the unpaid and overdue loan installments. ¶33.

In April 2019 the Plaintiff sent credit report dispute letters to three Credit Reporting Agencies (CRAs) (Experian, Transunion and Equifax) about his association with the overdue student loans, after learning the loans were appearing on his credit reports. ¶¶37 – 38. He "simultaneously" sent a copy of his letter(s) to Great Lakes, that Great Lakes received later in April. ¶38. Two CRAs later notified the Plaintiff that they would no longer report the student loans on his credit file, but not the Defendant Equifax. ¶¶39 – 40. Great Lakes rejected the Plaintiff's claim, referring to its prior findings. ¶42. Plaintiff's counsel sent a G. L. c. 93A demand letter about this dispute to Great Lakes in June 2019, and again in July 2019, but Great Lakes did not respond "substantively" to these demands. ¶43. This suit followed.

*Claims*

The claims against Great Lakes are contained in the previously referenced two counts of the Complaint. One is for FCRA violation(s) under 15 U.S.C. §1681s-2(b), including averments that: Great Lakes failed to report the loan as "disputed" to CRAs such as Equifax, failed to fully and properly investigate dispute, failed to review all relevant information, failed to correctly report the results of an accurate investigation to

3

the CRAs, and failed to correct it internal records to avoid reporting the debt to CRAs. ¶¶59 – 62. The G. L. c. 93A state law claim is made derivatively on the basis of Massachusetts regulations (940 CMR 7.07). This claim is, in the aggregate, that Great Lakes allegedly mispresented the nature of the debt to the Plaintiff and/or to others, and sought to collect loan payments from the Plaintiff that were not owed by him. ¶69. The Plaintiff also avers the alleged conduct was willful, or alternatively (as to the FCRA) was negligent, and that he was damaged in multiple ways. ¶¶60 – 62, 70 – 78.

## Argument

### The Plaintiff Fails to Adequately State Legally Cognizable Claims for Which Relief Can be Granted and Failed to Include a Required Party in his Complaint, Which Should be Dismissed

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Complaint does not state a claim upon which relief can be granted for at least two reasons: (i) the allegations, even if facially believed, do not add up to claims warranting judicial relief and (ii) the state law claim under G. L. c. 93A is preempted by the FCRA.

Moreover, central to the Complaint is the Plaintiff's unadjudicated allegation of fraud against Carla. She is a required party under Rule 19 who should have been included in the Complaint. Her joinder is necessary in this case. But unaddressed is whether Carla is a citizen of Massachusetts. If she is a citizen of Massachusetts, and if the FCRA claim is dismissed as it should be (eliminating any federal question jurisdiction) that could destroy

4

diversity and render the case outside this Court's jurisdiction. Similarly, the amount in controversy as to Great Lakes is pled at well under the $75,000, also eliminating the other pled basis for jurisdiction (diversity).

### *The allegations in the Complaint are inadequate to make out a legal claim for relief under the FCRA*

The Complaint primarily rests on the Plaintiff's adamant (and sworn to) averments that the loan is not his responsibility, and that Carla committed a fraud against him by obtaining the student loan for their daughter's college education. But that is not an adequate basis for suing Great Lakes under the FCRA for an inadequate investigation and its collateral effects. "We emphasize that, just as in suits against CRAs, a plaintiff's required showing is *factual* inaccuracy, rather than the existence of disputed legal questions. Like CRAs, furnishers are 'neither qualified nor obligated to resolve" matters that 'turn[ ] on questions that can only be resolved by a court of law.'" *Chiang v. Verizon New England, Inc*., 595 F.3d 26, 38 (1st Cir. 2010) quoting *DeAndrade v. Trans Union LLC,* 523 F.3d 61, 68 (1st Cir. 2008).

A potentially significant omission from the Complaint appears to be a missing pled allegation that the CRAs in question reported the Plaintiff's dispute to Great Lakes (as contrasted to the Plaintiff's assertions that *he* made this report to Great Lakes, both directly and by copying Great Lakes on his notices to CRAs). That is a condition precedent for making an FCRA claim, and its absence would be enough to dismiss the FCRA claim. See *Dorsey v. Liberty Mutual Auto Insurance*, 2017 WL 4076099 (16-cv12532 IT, D. Mass. 2017) (analyzing and applying First Circuit caselaw). However, Great Lakes will impute such a pled fact to the Complaint. *Catanzaro v. Experian*

*Information Solutions, Inc.*, 671 F. Supp. 2d 256, 259 – 260 (D. Mass. 2009) (dismissing FCRA complaint without prejudice to allow plaintiff opportunity to replead with missing element included). Even with such a generous reading of the Complaint, it falls short of the Rule 12 standard and should be dismissed. The Plaintiff's FCRA claim is premised on his allegations of fraud against Carla, and that it was somehow incumbent on Great Lakes in its subsequent investigation to believe that narrative and to credit his denials of responsibility for the loan(s).

But that is not the duty of care imposed by the FCRA on Great Lakes. The Plaintiff must show that the reported information from Great Lakes was in fact inaccurate. *Cornock v. Trans Union LLC*, 638 F. Supp.2d 158, 162 (D.N.H. 2009) (rejecting plaintiff's FCRA investigation claim based on ex-wife allegedly opening a joint credit card account in his name while they were married but without his knowledge, *id*. at 160). His FCRA claim cannot stand on the basis of his simply alleging the payments towards the loan that he concedes were made from his joint account are a nullity and of no consequence, no matter how emphatic his protestations to the contrary. *Id.*, 638 F. Supp. at 163 - 165 (applying FCRA reinvestigation standard, in case where plaintiff alleged his ex-wife fraudulently incurred credit card charges). Instead, such a contention (i.e., the loan is Carla's responsibility, and not the Plaintiff's) is better suited to separate judicial resolution in the first instance. *Id.* at 164 – 165, *citing DeAndrade*, 523 F. 3d at 68.

Moreover, even if the Plaintiff's conclusory assertion that Great Lakes's FCRA investigation was "false," though falling far short of the *Twombly/Iqbal* standard, is

nonetheless credited, that it still not enough to state an actionable FCRA claim. The test is about procedure, not outcome, and is assessed on an objective basis of what contrary evidence, if any, the Plaintiff provided to Great Lakes, other than his say-so.

> But, the FCRA's investigation requirement is a "procedural" one: "'An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate.' " *Gissler v. Pa. Higher Educ. Assistance Agency* , No. 16-cv-01673-PAB-MJW, 2017 WL 4297344, at *3 (D. Colo. Sept. 28, 2017) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1161 [9th Cir. 2009]). Also, "the FCRA does not require perfection, only a reasonable response." *Alston v. United Collections Bureau, Inc.* , No. DKC 13-0913, 2014 WL 859013, at *8 (D. Md. Mar. 4, 2014). And " '[w]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable ... depends in large part on ... the allegations provided to the furnisher by the credit reporting agency.' " *Gorman* , 584 F.3d at 1160 (quoting *Krajewski v. Am. Honda Fin. Corp.* , 557 F.Supp.2d 596, 610 [E.D. Pa. 2008]).
> 
> - *Stewart v. Equifax Info. Services LLC*, 320 F. Supp.3d 1186, 1205 (D. Kan. 2018) (rejecting plaintiff's FCRA claims based on alleged fraudulent credit card activity by ex-spouse).

Ultimately, it was incumbent on the Plaintiff to provide Great Lakes with a factual basis to alter the detailed results of its investigation of his claim. His Complaint is silent as to what those facts, if any, were. Instead, all that appears is that he doubled down on his denials, and filed a police report complaining about Carla's alleged fraud. There is no indication from the Complaint that this allegation was taken seriously, and pursued, validated, and prosecuted as a criminal case by the local police department or prosecutor's office.

The Complaint is also silent as to whether the Plaintiff ever made any attempt to adduce corroborating factual support for his claim of fraud. From all that appears, the Plaintiff believes his denial alone is enough to state an FCRA claim as a matter of law. It is not. Given the absence of corroborating factual information the Plaintiff submitted to

Great Lakes to support his claim, and considering the contrary proof, notably of payments from his joint account (*Stroud v. Bank of America*, 886 F. Supp.2d 1308, 1315 [S.D. Fla. 2012], account in plaintiff's name relevant in rejecting FCRA claim), it was not incumbent on Great Lakes to repeatedly reinvestigate the Plaintiff's unsubstantiated claim in circular fashion until Great Lakes yielded to his demands. *Chiang*, 595 F.3d at 37 – 38. The Complaint does not aver the Plaintiff produced any evidence to Great Lakes other than "his own allegations, or hunches, or theories." *Stroud*, 886 F. Supp.2d at 1314. That does not suffice to state a legal claim for relief under the FCRA.

Nor is the G. L. c. 93A claim viably pled in the Complaint. The most glaring deficit is that the claim is preempted and barred by express statutory mandate of the FCRA. 15 U.S.C. § 1681t(b)(1)(F); *Catanzaro*, 671 F. Supp. 2d at 261 – 262.

Moreover, there is no factual allegation that could reasonably characterize the actions of Great Lakes as unfair or willful such as would create liability under c. 93A, "as opposed to the result of mistakes or technical errors." *Saade v. Pennymac Loan Services, LLC,* 2016 WL 4582083 (Civil Action No. 15-12275-IT, D. Mass. 2016). *Cf.*, 15 U.S.C. § 1681h(e) (no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against ... any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] except as to false information furnished with malice or willful intent to injure such consumer.); *Islam*

*v. Option One Mortgage Corp.*, 432 F. Supp.2d 181, 186 – 190 (D. Mass. 2006) (analyzing preemption and immunity provisions of FCRA).

### *Carla is a required party per Fed. R. Civ. P. 19, and her absence from the Complaint requires dismissal per Fed. R. Civ. P. 12 (b) (7)*

Central to the Complaint is the alleged fraud of Carla. This allegation remains unresolved and apparently has never been submitted for adjudication by the Plaintiff to any tribunal. Without Carla impleaded as a party defendant, this leaves Great Lakes (and the federal government) in an impossible position: if the Plaintiff discharges his debt, then Great Lakes must look to Carla, who could then state it was the Plaintiff's debt, not hers. The result is that this federally funded loan will go unpaid. That is precisely the sort of unfairness that militates in favor of finding that Carla is a required party under Rule 19, and that she must be added to the Complaint if possible. This practical impact of Carla's absence from the Complaint weighs decisively in favor of finding her to be a required party. *Fernandez & HNOS, Inc. v. Kellogg USA Inc*, 516 F.3d 18, 24 – 25 (1st Cir. 2008)*; see also Downing v. Globe Direct LLC*, 806 F. Supp.2d 461, 466 - 467 (D. Mass. 2011) (party to contract is a required party).

However, it is unclear whether Carla can be added to this case. Her state of residence is unclear. If the FCRA claim is dismissed as it should be, all that remains against Great Lakes would be the state law claim under G. L. c. 93A, and even if that state law claim alone could be addressed in this federal forum (perhaps as a surviving pendent claim), if Carla is a Massachusetts resident, then that identity with the Plaintiff's state of residence would destroy diversity jurisdiction. Complaint, ¶3; *Axis Insurance Co. v. Hall*, 287 F.R.D. 110, 114 (D. Me. 2012). In addition, the amount in controversy pled

9

is less than that required for diversity jurisdiction, also requiring dismissal. Accordingly, the Complaint should be dismissed per Fed. R. Civ. P. 12 (b) (7).

## Conclusion

Based on the foregoing, the Complaint should be dismissed.

## Local Rule 7.1 Certification

Undersigned conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow this Motion as described above on this date and was unable to resolve or narrow this Motion.

Respectfully Submitted,
DEFENDANT GREAT LAKES
EDUCATIONAL LOAN SERVICES, INC.,
By its attorneys,

/s/John D. Fitzpatrick
John D. Fitzpatrick BBO #550059
PINGITORE & FITZPATRICK LLC
929 Massachusetts Avenue, Suite 200
Cambridge, MA 02139
TELEPHONE: 617-225-2400
FACSIMILE: 617-225-2480
jdf@pingitorelaw.com

Dated: January 6, 2020

## CERTIFICATE OF SERVICE

On this date I served a true copy of the foregoing on Adam Deutsch, Esq., P.O. Box 60717, Longmeadow, MA 01106, by email ECF copy to adam@northeastlawgroup.com and to all other counsel in this case per the ECF system.

Dated: January 6, 2020                                      /s/ John D. Fitzpatrick