UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Richard Hopkinson, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  19-cv-12290-IT |
| | * | |
| Equifax Information Services, LLC, | * | |
| Pennsylvania Higher Education | * | |
| Assistance Agency, Great Lakes | * | |
| Education Loan Services, Inc., | * | |
| and John Does I-X, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

February 19, 2021

TALWANI, D.J.

Plaintiff Richard Hopkinson brought this action alleging that his ex-wife stole his identity and used his name, without his knowledge, to take out student loans for their daughter's college tuition. Plaintiff alleges that Great Lakes Education Loan Services, Inc., violated the Fair Credit Reporting Act by failing to fully and properly investigate the dispute and continuing to report student loan debt without a notation that it was disputed. He also alleges that Great Lakes violated the Massachusetts Consumer Protection Act by engaging in unfair and/or deceptive practices. Great Lakes' pending Motion to Dismiss Amended Complaint [#42] seeks dismissal of the Fair Credit Reporting Act and Massachusetts Consumer Protection Act claims for failing to state a claim upon which relief can be granted and failing to join a necessary party. For the following reasons, the Motion to Dismiss Amended Complaint [#42] is GRANTED in part and DENIED in part.

## I.      Procedural Background

Plaintiff brought this action against Defendants Equifax Information Services, LLC; Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing; and Great Lakes Educational Loan Services, Inc. ("Great Lakes"). Complaint [#1]. Plaintiff alleged that Great Lakes violated 15 U.S.C. § 1681s-2(b), the Fair Credit Reporting Act ("FCRA"), by failing to fully and properly investigate the dispute and continuing to report the debt without a notation that it was disputed, and violated the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, by engaging in unfair and/or deceptive practices. Great Lakes' Motion to Dismiss with Incorporated Memorandum of Law ("Def.'s Mem.") [#20] challenged both claims under Fed. R. Civ. P. 12(b)(6) and also sought dismissal under Rule 12(b)(7), arguing that joinder of Plaintiff's ex-wife is necessary. While Great Lakes' motion was pending, Plaintiff filed an Amended Complaint ("Am. Compl.") [#38] to add the United States Department of Education as a defendant, and reasserted his claims against Great Lakes. Great Lakes again moved to dismiss. Motion to Dismiss Amended Complaint [#42]. With the parties' agreement, id. at 2, and notice to the parties, Elec. Ord. [#43], the court has considered Great Lakes' Motion to Dismiss with Incorporated Memorandum of Law [#20] and Plaintiff's Opposition [#28] in connection with the pending Motion to Dismiss [#42].

## II.      Factual Background as Alleged by Plaintiff

Plaintiff alleges his ex-wife, Carla Hopkinson, stole his identity and applied for federal student loans in his name without his knowledge or permission. Am. Compl. ¶¶ 8, 13, 15 [#38]. She allegedly did so after they divorced, in order to finance their daughter's college tuition. Id. at ¶¶ 9, 12, 14. Great Lakes is one of the loan servicers for the loans in question. Id. at ¶ 20.

Plaintiff alleges that his ex-wife concealed the loans, that he did not learn about them

"until years after they were taken out," and that he never made a payment on, or contributed to the payment of, the loans. Id. at ¶¶ 17-18, 24-26. His daughter started missing payments on the loans serviced by Great Lakes around 2018. Id. at ¶¶ 20, 28. Plaintiff met with police in March 2018 and filed a sworn report regarding the identity theft and loans. Id. at ¶ 30. Shortly thereafter, Plaintiff provided a copy of the police report to Great Lakes and asked to be removed as a guarantor and/or co-signer. Id. at ¶ 31. In a response dated May 1, 2018, Great Lakes reported that it conducted an investigation and determined that Plaintiff was "responsible" for the accounts. Id. at ¶ 32. Great Lakes asserted further that this determination was based on the following facts: payments were made by or received from Mr. Hopkinson on the account; he "requested deferments or forbearances on the account"; he indicated an interest in alternative repayment programs; his demographic information corresponded with information noted on the account; and information from the college substantiated that his daughter had use of the funds and that he was the one who applied for and obtained them. Id. Plaintiff alleges that these conclusions are false. Id. at ¶ 33.

In 2019, Plaintiff requested and received copies of his consumer credit report file from Experian, Transunion, and Equifax. Id. at ¶ 38. All of the credit reports contained information about the student loans. Id. Plaintiff then sent dispute letters to the three consumer reporting agencies ("CRAs"). Id. at ¶ 39. He alleges that "Great Lakes received the dispute letter on April 16, 2019." Id. at ¶ 39(a). Great Lakes replied to the dispute by "stating that in May of 2018 it concluded [Plaintiff] was responsible for the account." Id. at ¶ 43. Plaintiff alleges "[o]n information and belief, in reaching this conclusion, Great Lakes did not conduct any additional investigation of the dispute." Id. at ¶ 43(a). Plaintiff's attorney sent a letter to Great Lakes pursuant to Mass. Gen. Laws. ch. 93A. Id. at ¶ 44. "Great Lakes indicated [it] would not respond

to the letter unless [Plaintiff] signed a release." Id. at ¶ 44(b). He would not do so and "[i]nstead, . . . he sent a second letter to Great Lakes pursuant to the Massachusetts Consumer Protection Act" in July 2019. Id. at ¶ 44(c) Great Lakes acknowledged receipt of the July 2019 letter, but did not respond to it "substantively." Id. at ¶ 44(d).

## III.     Motion to Dismiss Under Rule 12(b)(6)

The parties dispute whether Plaintiff has sufficiently stated his FCRA and state law claims and whether his claims under Mass. Gen. Laws. ch. 93A are preempted by the FCRA.

### A.  Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). Under this rule, the court first "distinguish[es] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (citing García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)). Next, the court "determine[s] whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable." Id. (quoting García-Catalán, 734 F.3d at 103 (internal quotation omitted in original)). In deciding a motion under Rule 12(b)(6), a court is ordinarily limited to considering "the complaint, documents attached to it, and documents expressly incorporated into it." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).

### B.  FCRA Claim

Great Lakes argues that Plaintiff's Amended Complaint [#38] does not state a claim warranting judicial relief under the FCRA. Def.'s Mem. 5 [#20]. Great Lakes contends that

"Plaintiff must show that the reported information from Great Lakes was in fact inaccurate," id. at 6, because "a plaintiff's required showing is *factual* inaccuracy, rather than the existence of disputed legal questions." Id. (citing Chiang v. Verizon New England, Inc., 595 F.3d 26, 38 (1st Cir. 2010) (emphasis in original)).

To the extent that Great Lakes relies on Chiang to argue that Plaintiff must "show" factual inaccuracy, the motion is mistakenly premised upon what is required to survive a motion for summary judgment. See id. at 5; but see Chiang, 595 F.3d at 30 ("affirm[ing] summary judgment for Verizon NE on the FCRA § 1681s–2(b) claims"); DeAndrade v. Trans Union LLC, 523 F.3d 61, 67 (1st Cir. 2008) (affirming district court's grant of summary judgment for CRA defendant). To the extent that Great Lakes asserts that Plaintiff has not stated sufficient facts, the court finds the complaint states a claim.

Section 1681s-2 sets forth responsibilities of furnishers of information to consumer reporting agencies, delineating two categories of responsibilities. Subsection (a) details the "duty to provide accurate information," requiring that

> [i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

15 U.S.C. § 1681s-2(a)(3). Subsection (b) imposes a second category of duties on furnishers of information. These obligations to conduct "an investigation with respect to the disputed information" are triggered upon "notice of dispute"—that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. § 1681s-2(b). Under the statute,

> after a furnisher . . . receives notice from a CRA that a consumer disputes the accuracy of information that the furnisher has provided to the CRA, the furnisher must conduct a reasonable investigation, take appropriate action, and report the results of the investigation back to the CRA.

Barrepski v. Capital One Bank, 439 F. App'x 11, 12 (1st Cir. 2011).

"To prevail in a suit brought pursuant to the FCRA, the consumer must prove that the furnisher, once notified of a dispute by the CRA, failed to conduct a reasonable investigation into the accuracy of the disputed information." Logan v. Bank of America, Civ. Action No. 19-cv-11483-DJC, 2020 WL 1245124, at *3 (D. Mass. Mar. 15, 2020) (citing Camancho v. J.P. Morgan Chase, Civ. Action. No. 14-cv-30042-MGM, 2015 WL 2872332, at *4 (D. Mass. June 23, 2015)). At the pleading stage, however, the plaintiff need only "assert sufficient facts to allow the court to find it plausible" that (1) the information in the "credit report [i]s inaccurate"; (2) the dispute "was reported to the CRA"; (3) the CRA reported the dispute to the furnisher; (4) the furnisher "failed to investigate and correct the inaccuracy"; and (5) the failure to investigate caused plaintiff to suffer an injury. Camacho, 2015 WL 3872332, at *4. Here, Plaintiff adequately pleaded facts to survive a motion to dismiss. Plaintiff's Amended Complaint [#38] sets forth sufficient facts to find it plausible that the student loan debt reported on Plaintiff's credit report was inaccurate. He alleges that the loan was taken out in his name without his knowledge, Am. Compl. ¶¶ 15-17 [#38], that the signature included on the loan application was not his own, id. at ¶ 18, that he had no knowledge of the loan until after his daughter failed to make payments, id. at ¶¶ 18, 26, 29, that all payments made came from an account "funded exclusively" by his daughter and that his name appeared on that account only because she opened it when she was a minor, id. at ¶¶ 25, 27, and that he never made any payments on the loans. Id. at ¶ 24. That Great Lakes disputes these facts does not make them a nullity for purposes of a motion to dismiss. See Def.'s Mem. 5 [#20].

Plaintiff alleges that he reported the dispute to the CRAs, Am. Compl. ¶ 39 [#38], and that Great Lakes was notified of the dispute by a CRA or the Amended Complaint [#38] can be

amended further to so plead.[1]

     Plaintiff further alleges that Great Lakes failed to investigate and correct the inaccuracy after receiving notice from the CRA. Id. at ¶¶ 43, 43(a), 44, 60. Great Lakes does not dispute that such reporting normally triggers an obligation to investigate, but argues that it satisfied its investigation obligation by relying on its prior findings and was not obligated to "reinvestigate" the dispute. Def.'s Mem. 8 [#20]. In Great Lakes' view, "it was incumbent" on Plaintiff to provide additional facts to prompt further investigation. Id. at 7 (citing Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1161 (9th Cir. 2009) ("Whether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable . . . depends in large part on . . . the allegations provided to the furnisher by the credit reporting agency.")). At this stage, however, the pleadings are sufficient where the Amended Complaint [#38] includes no facts as to the reasonableness of the original investigation or the basis for Great Lakes' findings, Plaintiff has disputed the accuracy of those findings, and Great Lakes allegedly conducted no further investigation, and instead relied solely on its 2018 investigation. Am. Compl. ¶ 39 [#38]. Plaintiff alleges further that Great Lakes did not report back to the CRAs its findings on the disputed information and did not note, in its report to Equifax, that the debt was disputed. Id. at ¶¶ 41-43. In other words, Plaintiff has plausibly alleged that Great Lakes did not fulfill its obligation to investigate the dispute and to provide a report to the CRAs that the debt was

---

[1] Plaintiff asks that leave to amend the complaint be granted if the court "finds the inference of the April 23, 2019 Equifax letter at ¶ 40 of the [original] complaint [#1] falls short of specificity to establish Great Lakes was notified of the dispute by Equifax." See Opp'n 6 n.1 [#28] (citing Catanzaro v. Experian Info. Sols., Inc., 671 F. Supp. 2d 256, 259-60 (D. Mass. 2009)). Great Lakes contends that Plaintiff failed to adequately plead that the CRAs in question reported Plaintiff's dispute to Great Lakes, but for purposes of the motion, nonetheless imputed the pled fact to the Complaint. Def.'s Mem. 5 [#20]. Accordingly, the court need not address the issue here.

disputed. See 15 U.S.C. § 1681s-2(b)(1)(A)-(D). The question of whether Great Lakes acted appropriately in this case—which could turn upon the nature of Plaintiff's dispute of the debt, among other factors—is a question of fact to be resolved at a later date. Finally, Plaintiff has adequately pleaded that he suffered a detriment as a result of the inaccurate reporting. Am. Compl. ¶ 57 [#38].

For all of these reasons and based on the facts alleged in the Amended Complaint [#38] taken as true and viewed in the light most favorable to the Plaintiff, Plaintiff has plausibly alleged that Great Lakes violated the FCRA by failing to conduct a reasonable investigation of the reported dispute and to provide accurate information to the CRAs. See Barrepski, 439 F. App'x at 13 (finding plaintiff "stated a plausible, not merely speculative claim for relief" where plaintiff pleaded facts showing that, after receiving notice of the disputed credit report, the furnisher did not conduct further investigation). Accordingly, Great Lakes' Motion to Dismiss [#42] is denied with respect to Plaintiff's FCRA claim.

C.  Mass. Gen. Laws. ch. 93A Claim

Great Lakes argues that Plaintiff has not stated an adequate claim under Mass. Gen. Laws. ch. 93A because the statute is preempted by the FCRA and the allegations are insufficient. Def.'s Mem. 8 [#20].

Great Lakes argues that Plaintiff's claim is "barred by express statutory mandate of the FCRA." Id. Plaintiff responds that because his 93A claim against Great Lakes arises out of debt collection and not credit reporting, it is not preempted by the FCRA. Opposition ("Opp'n") 8 [#28].

The FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under § 1681s-2." 15 U.S.C.

§ 1681t(B)(1)(F). Chapter 93A is a requirement imposed by Massachusetts law. Accordingly, to the extent a plaintiff's "Chapter 93A claim is premised on unfair credit reporting, failure to correct credit information, or failure to investigate a disputed debt, it is preempted by the FCRA." Cunha v. LVNV Funding, LLC, Civ. Action No. 13-11418-MLW, 2015 WL 5737134, at *5 (D. Mass. Sept. 30, 2015) (internal citation omitted); see also, Catanzaro v. Experian Info. Sol., Inc., 671 F. Supp. 2d 256, 262 (D. Mass. 2009) (Chapter 93A claims preempted because "the Court will not sanction the use of Chapter 93A as an end run around state and federal statutory schemes."). However, to the extent a plaintiff's claim is based on "other unfair and deceptive debt collection practices, it survives." Cunha, 2015 WL 5737134, at *5.

Plaintiff's Amended Complaint [#38] alleges that Great Lakes violated the Massachusetts Consumer Protection Act by

> engaging in unfair and/or deceptive practices including but not limited to the following: (a) Great Lakes made knowingly false or misleading representations in communications as to the character, extent or amount of debt in violation of 940 C.M.R. 7.07(2); (b) Great Lakes made false, deceptive, and/or misleading representations, communications or means in connection with the collection of a debt in violation of 940 CMR 7.07(8); (c) Great Lakes communicated to a person "credit information which is known or which should be known to be false including, without limitation, the failure to communicate that a disputed debt is disputed" in violation of 940 CMR 7.07(11)[;] (d) Great Lakes sought the collection of money not owed by plaintiff, in violation of 940 CMR 7.07(16).

Am. Compl. 15 [#38]. The facts alleged in (a)-(c) appear to be "premised on an unfair credit reporting, failure to correct credit information, or failure to investigate a disputed debt" and are, thus, "expressly preempted by the FCRA." Cunha, 2015 WL 5737134 at *5. However, to the extent that Plaintiff bases his 93A claim on unfair and deceptive debt collection, see Am. Compl. ¶ 34 [#38] ("[i]n early 2019, [he] began receiving correspondence on at least a weekly basis from . . . [Great Lakes], alleging the loans were past due"), this part of the claim is not preempted. Defendant next argues that "there is no factual allegation that could reasonably characterize the

actions of Great Lakes as unfair or willful such as would create liability under [G.L.] c 93A, 'as opposed to the result of mistakes or technical errors.'" Def.'s Mem. 8 [#20] (citing Saade v. Pennymac Loan Servs., LLC, Civ. Action No. 15-12275-IT, 2016 WL 4582083 (D. Mass. Aug. 31, 2016)). Plaintiff does not respond to this argument, thereby waiving any argument that the unpreempted conduct, namely, the weekly correspondence from Great Lakes alleging the loans were past due despite his disputing the debt, Am. Compl. ¶¶ 31, 34 [#38], are sufficient to support an inference that Great Lakes acted in an unfair and/or deceptive manner in violation of the Massachusetts Consumer Protection Act.

## IV. Motion to Dismiss Under Rule 12(b)(7) for Failure to Join a Necessary Party

Great Lakes also seeks dismissal under Rule 12(b)(7), arguing that joinder of Plaintiff's ex-wife is necessary. Plaintiff disputes that his ex-wife is a necessary party.

### A. Legal Standard

Pursuant to Rule 12(b)(7), a party may move for dismissal of an action for failure to join a necessary party under Rule 19. Fed. R. Civ. P. 12(b)(7). The court must conduct a two-part analysis to determine whether a party must be joined under Rule 19. See Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008). First, "[p]arties should be joined, when feasible, if they are 'necessary' to the action according to the criteria laid out in Rule 19(a)." Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 25 (1st Cir. 2010). Second, if joinder of a necessary party is not feasible, "Rule 19(b) lays out additional criteria for determining whether that party is 'indispensable.'" Id. If a party is found to be indispensable, the court must dismiss the case. B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 23-24 (1st Cir. 2008).

"As with Rule 12(b)(6) motions, a court must accept the allegations contained in the plaintiff's complaint as true for the purpose of the Rule 12(b)(7) inquiry." J & J Sports

Productions Inc. v. Cela, 139 F. Supp. 3d 495, 499 (D. Mass. 2015) (quoting McCaskill v. Gallaudet Univ., 36 F. Supp. 3d 145, 151 (D.D.C. 2014)). However, in considering a Rule 12(b)(7) motion, "the Court is not limited to the pleadings and may consider other relevant extra-pleading evidence, such as declarations or affidavits." Romero v. Clean Harbors Surface Rentals USA, Inc., 368 F. Supp. 3d 152, 158 (D. Mass. 2019), op. clarified, 404 F. Supp. 3d 529 (D. Mass. 2019).

### B.  Necessary Party Under Rule 19(a)

Great Lakes claims Carla Hopkinson is a required party based on her alleged role in the obtaining the underlying loan. See Def.'s Mem. 9 [#20] ("Central to the Complaint is the alleged fraud of Carla [Hopkinson]. This allegation remains unresolved and apparently has never been submitted for adjudication by the Plaintiff to any tribunal."). Great Lakes fails to show, however, how Carla Hopkinson qualifies as a necessary party under Federal Rule of Civil Procedure 19(a).

Federal Rule of Civil Procedure 19(a)(1)(A) requires joinder if "in that person's absence, the court cannot accord complete relief among the existing parties."

> Relief is complete when it meaningfully resolves the contested matter as between the affected parties. To be complete, however, the relief need not align exactly with the remedy sought by the plaintiff. As long as a party's absence does not prevent the district court from affording complete relief, Rule 19(a)(1)(A) does not mandate [the] party's [] presence.

Watchtower Bible & Tract Soc'y of New York, Inc. v. Municipality of San Juan, 773 F.3d 1, 13 (1st Cir. 2014) (internal citations omitted). Here, the underlying dispute between Plaintiff and Great Lakes can be resolved regardless of Plaintiff's ex-wife's presence.

Great Lakes argues that if she is not impleaded, "Great Lakes (and the federal government) [will be left] in an impossible position: if the Plaintiff discharges his debt, then Great Lakes must look to Carla, who could then state it was Plaintiff's debt, not hers. The result is that this federally funded loan will go unpaid." Def.'s Mem. 9 [#20]. But the possibility "[t]hat

an existing party may pursue or be subject to further litigation against other absent parties has no effect on the analysis of Rule 19(a)(1)(A)." J & J Sports, 139 F. Supp. 3d at 504.

Rule 19(a)(1)(B)(ii) also provides for joinder when the absent person "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Great Lakes may be seeking to rely on this "inconsistent obligations" section when it argues that "if the Plaintiff discharges his debt, then Great Lakes must look to Carla, who could then state it was the Plaintiff's debt, not hers." Def.'s Mem. 9 [#20]. But this argument fails for two reasons. First, the subsection applies when the absent party "claims an interest" and no such claim by Plaintiff's ex-wife has been identified here. See Bacardi Intern. Ltd. v. Suarez & Co., Inc., 719 F.3d 1, 10 (1st Cir. 2013) ("[t]his subsection is concerned with protecting the interests of the absent party"). Second, even if she had made such a claim, Great Lakes shows no risk of inconsistent obligations, which "occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998) (per curiam).

In sum, Plaintiff's ex-wife's liability for the loans bears no weight under the 19(a)(1)(A) analysis. It is also unpersuasive that Plaintiff may introduce evidence of his ex-wife's misconduct. See Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132, 136 (1st Cir. 1989) (finding party unnecessary for joinder despite plaintiff's intent to introduce evidence the absent party engaged in improper and criminal behavior).

Because Carla Hopkinson is not a necessary party under Fed. R. Civ. P 19(a), the court does not address whether joinder of a necessary party is feasible under Rule 19(b).

**V.      Conclusion**

For the forgoing reasons, Great Lakes' Motion to Dismiss [#42] is GRANTED as to

Plaintiff's Chapter 93A claim, and is otherwise DENIED.

IT IS SO ORDERED.

Date:   February 19, 2021

/s/ Indira Talwani
United States District Judge