UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Richard Hopkinson, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  19-cv-12290-IT |
| | * | |
| Equifax Information Services, LLC, | * | |
| Pennsylvania Higher Education | * | |
| Assistance Agency, Great Lakes | * | |
| Education Loan Services, Inc., | * | |
| and John Does I-X, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

April 19, 2021

TALWANI, D.J.

After the court dismissed Plaintiff Richard Hopkinson's claim that Defendant Great Lakes Education Loan Services Incorporated ("Great Lakes") violated Mass. Gen. Laws ch. 93A ("Chapter 93A"), see Mem. & Order [#55], Plaintiff sought reconsideration. Motion for Relief from Order Dismissing All of Plaintiff's M.G.L. Ch.93A Claim Brought Under Count IV of the FAC Against Great Lakes ("Mot. for Relief") [#62]. For the reasons that follow, the court considers Plaintiff's newly raised arguments, but reaffirms the dismissal of the Chapter 93A claim.

I. Legal Standard

Motions for reconsideration of an interlocutory order dismissing portions of a complaint do not "necessarily fall within any specific Federal Rule. They rely on the inherent power of the rendering district court to afford such relief from interlocutory judgments . . . as justice requires." Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22 (1st Cir. 1985) (alteration in

original, internal citation and quotation omitted). Greene suggested several factors that a court may consider in seeking to have an untimely filing excused, including the prejudice caused to the moving party by the delay, and proffered excuse for the delay. Id. at 23. The court considers similar factors here, where Plaintiff filed a timely opposition to Defendant's Motion to Dismiss [#20], but failed to respond to one of its arguments.

On the underlying motion to dismiss for failure to state a claim, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). Under this rule, the court first "distinguish[es] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (citing García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)). Next, the court "determine[s] whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable." Id. (quoting García-Catalán, 734 F.3d at 103) (internal quotation omitted in original).

II. Discussion

The court found that Plaintiff "waiv[ed] any argument that the unpreempted conduct, namely, the weekly correspondence from Great Lakes alleging the loans were past due despite his disputing the debt, Am. Compl. at ¶¶ 31, 34, are sufficient to support an inference that Great Lakes acted in an unfair and/or deceptive manner in violation of the Massachusetts Consumer Protection Act." Mem. & Order 10 [#55]. Plaintiff seeks reconsideration of this determination.

A. Plaintiff Mischaracterizes His Waiver but the Court Will Nonetheless Reconsider the Issue in the Interest of Justice

Plaintiff offers no excuse for the failure to address Defendant's argument and contends instead that the court erred in finding that Defendant had raised the argument where "[t]he

Defendant's brief in support of its application to dismiss Mr. Hopkinson's M.G.L. c.93A claim was limited exclusively to arguments related to preemption and the Fair Credit Reporting Act" and "made no attack on the merits of the claim as it related to unfair and/or deceptive practices in the context of debt collecting." Mot. for Relief 2-3 [#62]. Plaintiff claims further that Great Lakes' brief "was narrowly targeted at the credit reporting conduct preempted by the Fair Credit Reporting Act." Id. at 4. Plaintiff is mistaken.

Great Lakes moved to dismiss the Chapter 93A claim on three grounds, including that "[t]he claims against Great Lakes in the Complaint, Counts III (Fair Credit Reporting Act, or FCRA) and IV (Massachusetts General Laws c. 93A, or G.L. c. 93A), fail to comply with the standard for complaint pleading in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)." Mot. to Dismiss 1 [#20]. Defendant argued further that "there is no factual allegation that could reasonably characterize the actions of Great Lakes as unfair or willful such as would create liability under c. 93A, 'as opposed to the result of mistakes or technical errors.'" Id. at 8 (citing Saade v. Pennymac Loan Servs., LLC, Civ. Action No. 15-12275-IT, 2016 WL 4582083 (D. Mass. 2016)). Plaintiff's attempt to excuse his failure to address this argument by recharacterizing Defendant's prior briefing fails.

Nonetheless, the Memorandum and Order [#55] was interlocutory, was issued while discovery was still ongoing, Plaintiff sought reconsideration promptly, and Defendant has shown no prejudice. The court therefore considers Plaintiff's new argument in the interest of justice.

B. Plaintiff's Argument that there is a "Per Se" Violation Fails

Plaintiff's primary argument on reconsideration is that he has alleged a per se violation of Chapter 93A, and therefore does not need to allege unfair, deceptive, or willful conduct. Mot. for Relief 3-4 [#62]. In support of this contention, Plaintiff relies on McDermott v. Marcus, Errico,

Emmer & Brooks, P.C., which explained that the Massachusetts Supreme Judicial Court had long held that Chapter 93A "wholly incorporated" the Federal Trade Commission Act into Chapter 93A. 775 F.3d 109, 122 (1st Cir. 2014) (citing Slaney v. Westwood Auto, Inc., 366 Mass. 688, 322 N.E.2d 768, 773 n.8 (1975)). The McDermott court concluded that since a violation of the Fair Debt Collection Practices Act ("FDCPA") is a per se violation of the FTC Act, it is also a per se Chapter 93A violation. Id. at 123. The First Circuit indicated further that a violation of the Massachusetts unfair debt collection statute, Mass. Gen. Laws ch. 93 § 94, would also be a per se violation of Chapter 93A. Id.

McDermott is of no assistance, however, because Plaintiff has not pleaded a claim against Great Lakes under the FDCPA or under Massachusetts' unfair debt collection statute. Instead, his Chapter 93A claim hinges on violations of the regulations codified at 940 Mass. Code Regs 7.07. Am. Compl. ¶ 69 [#38]. However, McDermott held that "the Attorney General is not empowered to issue regulations rendering certain statutory violations 'per se' Chapter 93A violations." 755 F.3d at 120 (emphasis added). In other words, even though the regulations Plaintiff invokes in his Chapter 93A claim describe debt collection practices that are "unfair or deceptive," the First Circuit and the SJC have held that when a Chapter 93A claim is based on violations of regulations and/or independent statutes, plaintiffs are still required to satisfy Chapter 93A's "substantive requirements of showing that the complained-of act was *both* unfair and deceptive *and* that it occurred in trade or commerce." Id. (emphasis in original); see also Klairmont v. Gainsboro Rest., Inc., 465 Mass. 165, 173-77, 987 N.E.2d 1247 (2013). Here, where Plaintiff based his allegations of wrongdoing on Massachusetts regulations and not the FDCPA or Massachusetts' unfair debt collection statute, there is no per se violation.[1]

---

[1] Plaintiff contends that he asserted further facts in the Complaint [#1] and Amended Complaint

4

III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Relief [#62] is granted in part, in that the court considered Plaintiff's new arguments in opposition to Defendant's Motion to Dismiss, and is otherwise DENIED.

IT IS SO ORDERED.

Date:   April 19, 2021

/s/ Indira Talwani
United States District Judge

---

[#38] showing unfair conduct. See Mot. for Relief 2-3 [#62] (citing "ECF 28 p4 citing ECF 1 ¶68). However, the Complaint and Amended Complaint do not contain the referenced material. Instead, the allegedly unfair conduct is purportedly described in Plaintiff's Chapter 93A letter (which is not before the court) and Plaintiff's Opposition [#28], which is argument, and not an allegation of fact in the Complaint.

Plaintiff also selectively quotes the court's opinion, claiming that the court demanded allegations of "willful" misconduct, rather than allegations of "unfair or willful" conduct required. Id. at 4 (selectively quoting Mem. & Order 10 [#55]). These arguments do not advance Plaintiff's position.